IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| E. Lee Spence, | ) | C/A No.: 3:19-835-TLW-SVH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER AND NOTICE |
| Motor Vessel "Beast of Burden"; John W. Tellam; and John/Jane Does, number 1-10, | ) ) ) ) | |
| Defendants. | ) ) | |

      E. Lee Spence ("Plaintiff"), proceeding pro se, is before the court on his verified complaint in admiralty and complaint in rem for forfeiture. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual Background

      Plaintiff obtained title to an Abandoned Wreckage by order of The Honorable Sol Blatt, Jr., United States District Judge, in C/A No. 3:12-280 ("*Spence I*"). *See Spence I* at ECF No. 38. The Abandoned Wreckage is more fully described in *Spence I*, but for ease of reference, the undersigned refers to it as *Spence I* wreckage. Plaintiff alleges defendant John W. Tellam is the owner of the motor vessel identified as *Beast of Burden*. [ECF No. 1 at ¶¶45,

49–53]. Plaintiff advised Tellam that he owned the title to *Spence I* wreckage. Plaintiff claims that Tellam and others, using *Beast of Burden*, conducted salvage operations within the area of *Spence I* wreckage. *Id.* at ¶¶ 67–68. Pursuant to 18 U.S.C. §1658, Plaintiff asserts claims for plunder of a distressed vessel and conspiracy to plunder a distressed vessel. He also alleges common law larceny and seeks an action in rem for forfeiture of *Beast of Burden*.

II. Discussion

    A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint. Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of*

*Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous.[1] *See Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) (noting courts have "independent obligation to assess . . . subject-matter jurisdiction").

B. Analysis

1. No Right to Criminal Prosecution of Another

The first two counts in Plaintiff's verified complaint are for alleged violations of a criminal statute, 18 U.S.C. § 1658. These claims fail to state a

---

[1] Plaintiff is not proceeding in forma pauperis.

claim upon which relief can be granted in a civil suit. A private individual such as Plaintiff has no right to pursue criminal charges filed against other private or public persons or entities by way of a civil lawsuit. Private citizens do not have a constitutional right to, or a judicially cognizable interest in, the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); see *Diamond v. Charles*, 476 U.S. 54, 64–65, (1986) (applying *Linda R.S. v. Richard D.* and collecting cases).

2. Common Law Larceny

To the extent Plaintiff asserts a common law claim again Tellam, he must demonstrate that the court has subject matter jurisdiction. Plaintiff has asserted that Defendant Tellam is a legal resident of Florida and requests over $75,000 in damages. However, Plaintiff must show that Tellam is a citizen of a state other than South Carolina. The court notes that Plaintiff submitted a proposed summons for Tellam that contains no address. The undersigned notes that Plaintiff would be responsible for filing proof of service upon any defendant pursuant to the Federal Rules of Civil Procedure.

3. Action in Rem for Forfeiture

To the extent Plaintiff seeks forfeiture of *Beast of Burden* for damages caused by alleged violations of 18 U.S.C. § 1658, he is not entitled to such

4

relief. Rule G of the Supplementary Rules of Admiralty applies to forfeiture actions in rem and applies only to forfeitures by the government.[2]

NOTICE CONCERNING AMENDMENT

To the extent Plaintiff wished to pursue any claims related to this case, he may attempt to correct the defects in his complaint by filing an amended pleading by May 20, 2019, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended

---

[2] To the extent Plaintiff seeks an arrest of the *Beast of Burden*, he is advised that arrest of a vessel does not equate to a forfeiture. Plaintiff is also responsible for substantial fees associated with the arrest of a vessel. For instance, pursuant to 28 U.S.C. § 1921, the United States Marshal Service ("USMS") is entitled to collect in advance a deposit to cover the initial expenses for arresting the boat and storage of the boat. Such advance deposit may total $5000 or greater. Additionally, the USMS may be entitled to a commission if a vessel is arrested and disposed of by sale. 28 U.S.C. § 1921(c)(1). This court can only order arrest of a vessel located in this District. Prior to arresting a vessel, Plaintiff must prepare the proposed warrant of arrest for the motor vessel. If Plaintiff is not ultimately successful on his claims, he may be responsible to Defendant for damages incurred. Plaintiff would also be responsible for complying with the numerous additional rules governing arrest of a vessel. A litigant, whether proceeding pro se or through counsel, ignores rules at his or her peril. *United States v. Cruz*, 757 F.3d 372, 381 (3d Cir. 2014); *Alberti v. Carlo–Izquierdo*, 548 F. App'x 625, 631 (1st Cir. 2013). Further, although Plaintiff is proceeding pro se, the court cannot provide any legal advice.

complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims discussed above be dismissed without leave for further amendment. If Plaintiff chooses to voluntarily dismiss this case without prejudice to refile, if at all, he may advise the court through a filing of notice of voluntary dismissal.

IT IS SO ORDERED.

*Shiva V. Hodges*

May 6, 2019  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge